

_____
Honorable Bruce A. Markell
United States Bankruptcy Judge

**Entered on Docket**
**May 15, 2012**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: | Case No.: BK-S-11-10034-BAM |
| JAMES SPICKELMIER and KATHERIN SPICKELMIER, | Chapter 13 |
| Debtors. | Date: June 27, 2012<br>Time: 9:30 a.m.<br>Courtroom: 3 |

**ORDER TO SHOW CAUSE WHY ATTORNEY BARRY LEVINSON IS NOT IN CONTEMPT OF COURT AND SHOULD NOT BE SUBJECT TO FURTHER SANCTIONS**

On April 9, 2012, the court issued an opinion sanctioning Attorney Barry Levinson, Attorney Jeremy Mondejar, and the law firm of Barry Levinson & Associates for violations of FED. R. BANKR. P. 9011 (the "Opinion;" Dkt. No. 85).  As one of the sanctions imposed, the court ordered as follows:

> Mr. Levinson's office must disgorge all fees paid by the [d]ebtors in this [c]hapter 13 case to the [d]ebtors' new counsel within 21 days of the date of entry of this opinion.  Mr. Levinson's office is to file proof of disgorgement, in the form of an affidavit or declaration, with the court within 28 days of the date of entry of this opinion.  A detailed statement of all monies the [d]ebtors paid to Mr. Levinson's office for legal services related to their [c]hapter 13 case shall accompany the proof of repayment.

(Dkt. No. 85, pp. 17-18).

Also on April 9, 2012, the court issued a "Notice of Entry of Order in Previous Case and Order Requiring Disgorgement of Fees" (the "Notice;" Dkt. No. 44) in the debtors' subsequent chapter 11

case, Case No. BK-S-11-29093-BAM.  Therein, the court ordered as follows:

> Mr. Levinson [is] to disgorge the $3,600 he has received as a retainer fee from the debtors for legal services relating to the above-captioned chapter 11 case. . . .  This amount is in addition to any amounts Mr. Levinson is required to disgorge for legal services rendered in the debtors' previous chapter 13 case. . . .
>
> Mr. Levinson shall disgorge the retainer fee to the debtors' new counsel within 21 days of the date of entry of this order.  Mr. Levinson's office is to provide proof of disgorgement, in the form of an affidavit or a declaration, within 28 days of the date of entry of this order.

(Dkt. No. 44, p. 1).

Both the Opinion and the Notice were entered on the docket on April 9, 2012.  The deadline for providing proof of disgorgement was Monday, May 7, 2012.[1]  As of the date of entry of this order to show cause, no proof of disgorgement has been filed in either case.

Therefore, the court hereby orders Attorney Barry Levinson to appear and show cause why he is not in contempt of court and why this court should not impose further sanctions for his failure to comply with the court's previous orders.  The hearing on this order to show cause will be held on **June 27, 2012 at 9:30 a.m.** in the Foley Federal Building, 300 Las Vegas Boulevard South, Las Vegas, Nevada, in Courtroom 3 before Judge Bruce A. Markell.  Mr. Levinson shall file a written response to this order to show cause no later than **June 13, 2012 at 5:00 p.m.**  Any other party in interest may file a response to this order to show cause or to Mr. Levinson's response no later than **June 20, 2012 at 5:00 p.m.**

---

[1] The court subsequently entered an amended opinion on April 27, 2012.  However, that amended opinion did not affect the deadlines set forth in the original Opinion.  The court noted in the "Notice of Amended Opinion and Order for Publication," Dkt. No. 89: "[a]s the amended opinion introduces no new reasoning or remedy, the appeals period for the original Opinion is unchanged, and has lapsed.  Clerical corrections do not affect the finality of the original judgment and do not toll the time for appeal." Dkt. No. 89, p. 1 n.1 (internal quotations and citations omitted).  Accordingly, it would be unreasonable for Mr. Levinson to expect that the amended opinion tolled any deadlines set forth in the original Opinion, especially in light of the fact that Mr. Levinson never filed an appeal or a motion to alter or amend judgment pursuant to FED. R. BANKR. P. 9023.  Moreover, the amended opinion would have no effect at all on any of the deadlines relating to the order to disgorge fees that the court issued in the debtors' subsequent chapter 11 case.

2

Copies sent to:

CM/ECF ELECTRONIC NOTICING
BNC MAILING MATRIX

RYAN ALEXANDER
LAW OFFICES OF RYAN ALEXANDER
200 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

U.S. TRUSTEE - LV - 11
300 LAS VEGAS BOULEVARD S.
SUITE 4300
LAS VEGAS, NV 89101

### # ###