_____
Honorable Bruce A. Markell
United States Bankruptcy Judge



**Entered on Docket**
**June 29, 2012**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | | |
|---|---|---|
| In re: ) | Case No.: BK-S-11-10034-BAM | |
| ) | | |
| JAMES SPICKELMIER and ) | Chapter 13 | |
| KATHERIN SPICKELMIER, ) | | |
| ) | | |
| Debtors. ) | Date: | June 27, 2012 |
| ) | Time: | 9:30 a.m. |
| ) | Courtroom: | 3 |
| ) | | |

**ORDER FINDING ATTORNEY BARRY LEVINSON IN CIVIL CONTEMPT OF COURT**

*Background*

On April 9, 2012, this court issued an opinion sanctioning Attorney Barry Levinson, Attorney Jeremy Mondejar, and the law firm of Barry Levinson & Associates for violations of FED. R. BANKR. P. 9011. (Case No. BK-S-11-10034-BAM, Dkt. No. 85). As one of the sanctions imposed, the court ordered as follows:

> Mr. Levinson's office must disgorge all fees paid by the [d]ebtors in this [c]hapter 13 case to the [d]ebtors' new counsel within 21 days of the date of entry of this opinion. *Mr. Levinson's office is to file proof of disgorgement, in the form of an affidavit or declaration, with the court within 28 days of the date of entry of this opinion.* A detailed statement of all monies the [d]ebtors paid to Mr. Levinson's office for legal services related to their [c]hapter 13 case shall accompany the proof of repayment.

(*Id.* at 17-18) (emphasis supplied).

On April 9, 2012, the court also issued a "Notice of Entry of Order in Previous Case and Order Requiring Disgorgement of Fees" (the "Notice;" Case No. BK-S-11-29093-BAM, Dkt. No. 44) in the

1 debtors' subsequent chapter 11 case. Therein, the court ordered as follows:

2 > Mr. Levinson [is] to disgorge the $3,600 he has received as a retainer fee from the debtors for legal services relating to the above-captioned chapter 11 case. . . . This amount is in addition to any amounts Mr. Levinson is required to disgorge for legal services rendered in the debtors' previous chapter 13 case. . . .

> Mr. Levinson shall disgorge the retainer fee to the debtors' new counsel within 21 days of the date of entry of this order. *Mr. Levinson's office is to provide proof of disgorgement, in the form of an affidavit or a declaration, within 28 days of the date of entry of this order.*

7 (*Id.* at 1) (emphasis supplied).

8 Both the Opinion and the Notice were entered on the docket on April 9, 2012. (Case No. BK-S-11-10034-BAM, Dkt. No. 85; Case No. BK-S-11-29093-BAM, Dkt. No. 44.) The deadline for providing proof of disgorgement was Monday, May 7, 2012.[1]

11 The required documentation was not filed by the specified deadline. As a consequence, the court entered an order to show cause, requiring Mr. Levinson to explain why he was not in contempt of court and why this court should not impose further sanctions for his failure to comply with the court's previous orders. (Case No. BK-S-11-10034-BAM, Dkt. No. 94). In the order to show cause, the court also required Mr. Levinson to file a written response, due no later than June 13, 2012 at 5:00 p.m. *(Id.)* The order was properly served. (Case No. BK-S-11-10034-BAM, Dkt. No. 95). Mr. Levinson, however, did not file any response to the order.

18 The hearing on the order to show cause was set for June 27, 2012 at 9:30 a.m. *(Id.)* The

---

[1] The court subsequently entered an amended opinion on April 27, 2012. Case No. BK-S-11-10034-BAM, Dkt. No. 88. However, that amended opinion did not affect the deadlines set forth in the original Opinion. The court noted in the "Notice of Amended Opinion and Order for Publication," Case No. BK-S-11-10034-BAM, Dkt. No. 89: "[a]s the amended opinion introduces no new reasoning or remedy, the appeals period for the original Opinion is unchanged, and has lapsed. Clerical corrections do not affect the finality of the original judgment and do not toll the time for appeal." *Id.* at 1 n.1 (internal quotations and citations omitted). Accordingly, it would be unreasonable for Mr. Levinson to expect that the amended opinion tolled any deadlines set forth in the original Opinion, especially in light of the fact that Mr. Levinson never filed an appeal or a motion to alter or amend judgment pursuant to FED. R. BANKR. P. 9023. Moreover, the amended opinion would have no effect at all on any of the deadlines relating to the order to disgorge fees that the court issued in the debtors' subsequent chapter 11 case.

2

court called the matter approximately ten minutes after its scheduled time, to give Mr. Levinson additional time to arrive. Mr. Levinson did not appear, nor did anyone appear on his behalf.

### *Analysis*

Bankruptcy courts have the power to impose civil contempt. *See Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284-85 (9th Cir. 1996); *Stasz v. Gonzalez (In re Stasz)*, 387 B.R. 271, 276 (B.A.P. 9th Cir. 2008). *See also* 11 U.S.C. § 105(a). In order to impose civil contempt, the bankruptcy must find that the party "'violated a specific and definite order of the court.'" *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1191 (9th Cir. 2003) (quoting *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1069 (9th Cir. 2002)). Substantial compliance with a court order is a defense to civil contempt. *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 891 (9th Cir. 1982). "Technical or inadvertent violations of the order" are not fatal to a substantial compliance defense where the party "has taken 'all reasonable steps' to comply with the court order . . . ." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) (quoting *Vertex Distrib., Inc.*, 689 F.2d at 891-92). "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Id.* at 1380 (citing *United States v. United Mine Workers*, 330 U.S. 258, 303-04, 91 L. Ed. 884, 67 S. Ct. 677 (1947)).

Under these standards, the court hereby finds that Mr. Levinson is in civil contempt of court. The court's Opinion and Notice were entered on the docket on April 9, 2011. (*See* BK-S-11-10034-BAM, Dkt. No. 85; Case No. BK-S-11-29093-BAM, Dkt. No. 44). Notice of these docket entries was sent to Mr. Levinson through the court's Case Management/Electronic Case Filing system on that date. (*See* Case No. BK-S-11-10034-BAM, Dkt. No. 87; Case No. BK-S-11-29093-BAM, Dkt. No 46). Mr. Levinson did not appeal either of these orders. Mr. Levinson did not seek relief from either order under FED. R. BANKR. P. 9023. Mr. Levinson did not otherwise move for an extension of the deadlines set forth therein. The deadline for disgorgement and for filing proof of disgorgement came and went, without anything being filed by Mr. Levinson.

1    Mr. Levinson showed equal disregard for the court's order to show cause, notice of which
2 was also sent to him through the court's Case Management/Electronic Case Filing system.  (*See* Case
3 No. BK-S-11-10034-BAM, Dkt. Nos. 94, 95).  Mr. Levinson did not file the written response
4 requested in the order, nor did he appear at the scheduled hearing.
5    The court hereby reaffirms its prior disgorgement orders.  Mr. Levinson has repeatedly
6 violated these clear and concise orders without explanation, justification, or excuse.  *In re Dyer*, 322
7 F.3d at 1191.  He has not taken any, much less any reasonable, steps to comply with those orders.
8 *See Gen. Signal Corp.*, 787 F.2d at 1379.

### ***Sanctions***

10    As a coercive sanction for Mr. Levinson's continued failure to comply with this court's
11 previous orders:

12    (1)    Mr. Levinson shall be sanctioned $25.00 per day, from the date of the show cause
13         hearing, for each day that he remains noncompliant with the court's disgorgement
14         orders.  *See Gen. Signal Corp.*, 787 F.2d at 1380.  For each thirty (30) days thereafter
15         that Mr. Levinson is not in compliance with the court's prior orders, the sanction shall
16         increase by $25.00 increments and shall be assessed against Mr. Levinson for each
17         day that he remains noncompliant with the court's disgorgement orders.  That is to
18         say, if he does not comply with the applicable orders, Mr. Levinson shall be
19         sanctioned $25.00 per day for thirty (30) days from the date of the show cause
20         hearing; $50.00 per day for the next thirty (30) days thereafter; $75.00 per day for the
21         following thirty (30) day period, and so on, until Mr. Levinson complies with the
22         court's prior orders.
23    (2)    The court shall send a certified copy of this order to the Nevada Supreme Court and
24         the Nevada State Bar, in connection with pending emergency proceedings to disbar
25         Mr. Levinson.

Copies sent to:

CM/ECF ELECTRONIC NOTICING
BNC MAILING MATRIX

BARRY LEVINSON
LAW OFFICES OF BARRY LEVINSON & ASSOCIATES
5440 W. SAHARA AVE.
SUITE 313
LAS VEGAS, NV 89146

RYAN ALEXANDER
LAW OFFICES OF RYAN ALEXANDER
200 E. CHARLESTON BLVD.
LAS VEGAS, NV 89104

U.S. TRUSTEE - LV - 11
300 LAS VEGAS BOULEVARD S.
SUITE 4300
LAS VEGAS, NV 89101

###